HEIDINGSFELDER *vs.* SLADE & ETHERIDGE *et al.*

PASCHAL *et al. vs.* SLADE & ETHERIDGE.

1. That an insolvent firm is seeking to prefer certain creditors by mortgage, constitutes no ground for equitable relief.
2. Whether or not one partner, without the knowledge of the other, can legally execute a mortgage on partnership property to secure a firm debt, can be tested as well at law as in equity by the unsecured creditors.

Injunction and receiver. Equity. Debtor and creditor. Partnership. Mortgage. Before Judge CRAWFORD. Talbot Superior Court. March Term, 1878.

To the report contained in the decision, it is only necessary to add the following: Paschal and Heidingsfelder divided the firm property, giving each other bills of sale to the portion going to each; they severally applied for homesteads and exemptions, and amended their answers to the bill of Slade & Etheridge by setting out these facts, and asking time for the ordinary to set apart their property. They also moved to dismiss the bill for want of equity. Both motions were refused. Each excepted to the ruling of the court. Their cases were argued together.

WILLIS & WILLIS; N. J. HAMMOND, for plaintiffs in error.

BLANDFORD & GARRARD; PEABODY & BRANNON, for defendants.

WARNER, Chief Justice.

The complainants filed their bill against the defendants, with a prayer for relief and the appointment of a receiver, on the allegations contained therein. On reading and considering the bill at chambers, on the 26th of February, 1878, the chancellor ordered that the sheriff of Talbot county be appointed receiver, as prayed for, and that he proceed to sell the property mentioned as levied on and advertised, as such receiver, and that he hold the money arising from said sale subject to the further order of the court, and that defendants have leave, during the March term, 1878, of Talbot court, to dissolve this order. At the March term of the court, the defendants made a motion to dismiss the complainants' bill for want of equity, which motion the court overruled, and ordered the receiver to proceed to sell the property and to hold the proceeds thereof, reserving to defendants the same rights to a homestead exemption (which they claimed) in and to the money arising from said sale that they would have had to the goods if the same had not been sold, whereupon the defendants excepted.

It appears from the allegations in complainants' bill, that, in February, 1878, the defendants, Paschal and Heidingsfelder, became indebted to them the sum of $1,500.00, for which suit was pending against them in Talbot superior court; that they were also indebted to Blanchard, Williams & Co. the sum of $3,000.00; that, in 1878, Paschal & Heidingsfelder became insolvent, and that W. O. Paschal, of said firm, without the knowledge or consent of his other partner, made and executed a mortgage deed in the name of said firm to the said Blanchard, Williams & Co., of a stock of goods of the value of $2,000.00, to secure the payment of their debt, with the intent to give them a preference over their other creditors, which intent was well known to Blanchard, Williams & Co., who have foreclosed said mortgage, and had a *fi. fa.* issued thereon, which has been levied on said goods by the sheriff of Talbot county, and advertised for sale on the first Tuesday in March,

1878; and that said Blanchard, Williams & Co. will secure the proceeds of said sale to the exclusion of the complainants and the other creditors of said firm of Paschal & Heidingsfelder, unless prevented by the order and direction of the chancellor, and prayed for the appointment of a receiver to take possession of and sell said goods, and suggested that the sheriff be appointed such receiver, which was done.

1. The only assumed equity in the complainants' bill for the appointment of a receiver, that we can discover, is that Paschal & Heidingsfelder preferred to secure Blanchard, Williams & Co. by mortgage on their goods over their other creditors, and that the mortgage on the goods was executed by one of the partners, without the knowledge or consent of the other. They had the legal right to prefer Blanchard, Williams & Co. over their other creditors, inasmuch as there is no pretense that the giving of the mortgage lien on the goods to secure their debt was not done in good faith. Code, §1953.

2. Whether one co-partner can legally execute a mortgage on personal property of the co-partnership for the purpose of securing the payment of a co-partnership debt, it is not necessary to decide in this case, for if we assume that it cannot be done, the complainants, as the creditors of the mortgagor, had as ample and complete a remedy in a court of law to contest the validity of the mortgage for that reason as in a court of equity. Code, §3979. In our judgment, there was no equity alleged in the complainants' bill, which would authorize the appointment of a receiver to take possession of and sell the defendants' goods, as therein prayed for.

Let the judgment in the two cases which were argued together be reversed.